IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-011-CR




KEVIN CURRY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0933186, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of possessing cocaine and assessed
punishment at imprisonment for four years. Controlled Substances Act, 71st Leg., R.S., ch. 678,
sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. §
481.115, since amended). Appellant brings forward five points of error in which he contends that
the cocaine was seized in violation of the United States and Texas constitutions and was therefore
inadmissible. U.S. Const. amend. IV; Tex. Const. art. I, §§ 9, 10; Tex. Code Crim. Proc. Ann.
art. 38.23 (West Supp. 1994).

 The court did not rule on appellant's motion to suppress evidence before trial and
it is agreed by the parties that the motion was carried to trial for determination. At the conclusion
of the State's questioning of the seizing officer, the cocaine was offered in evidence. Appellant's
counsel stated, "No objection." The cocaine was then admitted. 

 When a pretrial motion to suppress evidence is overruled, the accused need not
subsequently object to the admission of the same evidence at trial in order to preserve error. But
if the accused affirmatively states during trial that he has no objection to the admission of the
evidence, he waives any error in the admission of the evidence despite the pretrial ruling. James
v. State, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989). The Court of Criminal Appeals has
indicated that the same rule applies when a motion to suppress is carried to trial. Gearing v.
State, 685 S.W.2d 329-30 (Tex. Crim. App. 1985). We hold that the contentions made in
appellant's motion to suppress were waived when he stated at trial that he had no objection to the
admission of the challenged evidence. As a consequence, appellant's points of error were not
preserved for review. Points of error one through five are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Affirmed

Filed: November 2, 1994

Do Not Publish